IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHARON L. BARBEE[1]                                               PLAINTIFF

V.                    CASE NO. 4:19-CV-00275-DPM-JTK

ANDREW SAUL, Commissioner                                         DEFENDANT
Social Security Administration

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to the United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finds and evidence that supports your objection. Your objections must be received no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

---

[1] Plaintiff's administrative records show her name to be "Sharon Lee Barber" even though the docket shows "Sharon Barbee." (DE # 2 pp. 5)

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

## DISPOSITION

Pending is the Defendant's Motion to Dismiss and Brief in Support. (DE # 11) To date, the Plaintiff has not filed a response to the motion. For the reasons that follow, it is recommended that the motion be GRANTED.

On November 9, 2009, the Administrative Law Judge (ALJ) issued an unfavorable decision denying Plaintiff's application for disability benefits. (DE # 2 pp. 14) The Plaintiff filed an untimely request for review of that decision on March 2, 2010. (DE # 11-1 pp. 16) On August 20, 2010, the Appeals Council sent the Plaintiff a letter stating that she should send a statement explaining the reasons why she did not file her request for review within the required sixty (60) days. (DE # 11-1 pp.17-18) The Plaintiff provided no response to the Appeals Council's request. On March 3, 2011, the Appeals Council sent the Plaintiff a letter stating that the untimely request for review was denied and dismissed. (DE # 11-1 pp. 19-21) This denial rendered the ALJ's decision the "final decision" of the Commissioner. *See* 20 C.F.R. §§ 404.981; 416.1481.

Plaintiff filed her civil action in this Court on April 18, 2019. Defendant asserts that Plaintiff's action should be dismissed as it was filed more than sixty (60) days after receipt of the Appeals Council's action. Plaintiff has not filed a response objecting to the Defendant's motion.

The Social Security Act provides the following:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Generally, receipt of notice "is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual." *Bess v. Barnhart*, 337 F.3d 988, 989-90 (8th Cir. 2003) (per curiam); *see* 20 C.F.R. §§ 404.901; 416.1401. Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." *Bess*, 337 F.3d at 990. The United States Supreme Court has established that the sixty-day time period is not jurisdictional, but rather constitutes a statute of limitation. *Bowen v. City of New York*, 476 U.S. 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. It is well-established that failure to comply with the sixty-day limitation warrants dismissal. *See Bess*, *supra*;

*Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988). In this case, the Appeals Council denied Plaintiff's request for review of the ALJ's decision on March 3, 2011. Plaintiff did not file this complaint until April 18, 2019. Given that Plaintiff waited over eight years after the Appeals Council dismissed her request for review, there can be no question that the complaint is untimely. Furthermore, the Plaintiff has presented no proof or even made a claim that she did not receive the notice of denial, and thus the presumption that it was received five days after the date of the notice is not rebutted. Therefore, because (1) Plaintiff was required to initiate a civil action within sixty (60) days of the Appeals Council's notice that it was denying further review and (2) Plaintiff has not rebutted the presumption that notice was received by her five days after the letter's date, it is recommended that Defendant's Motion to Dismiss and Brief in Support (DE # 11) be granted.

SO ORDERED this 29th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE